

NUMBER 13-08-375-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

CLINICA SANTA MARIA,                                                                    **Appellant,**

**v.**

LARRY MARTINEZ AND
SUSIE STEPHANIE CAMPOS,                                                      **Appellees.**

---

### On appeal from the 357th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Appellees, Susie Stephanie Campos and Larry Martinez, filed suit for medical malpractice against Clinica Santa Maria ("Clinica"). By one issue, Clinica asserts that the trial court abused its discretion in denying its motion for sanctions and dismissal pursuant to former article 4590i section 13.01 of the Medical Liability and Insurance Improvement

Act[1] because appellees' expert report failed to contain any of the statutorily required elements. We reverse the order denying the motion for dismissal and sanctions and remand the case to the trial court for entry of an order of dismissal and determination of reasonable attorney's fees.

## I. BACKGROUND

Appellees filed suit against Clinica and a physician, Martha Maria Martinez, M.D., for medical malpractice.[2] The claims against Clinica included improper credentialing, agency theories, as well as failing to: (1) have in place the necessary surgical staff to provide proper care; (2) adequately train its medical staff; (3) timely communicate the emergent medical complications to their treating physicians; and (4) provide adequate supervision and intervention in avoiding the improper scheduling of surgical patients. Appellees filed an expert report from Donald J. Coney, M.D., pursuant to article 4590i, section 13.01(d) of the Texas Revised Civil Statutes. His report, which consists of less than a single page, states that in his opinion there were breaches in the standard of care. He further stated that a vaginal culture performed on Campos revealed gardnella vaginitis. She was treated inappropriately for a yeast infection and was never treated for the gardnella. Dr. Coney further opined that, as a board certified Ob/Gyn, he was qualified as an expert. In his opinion, the failure to treat Campos was below the standard of care. According to Dr. Coney, the laboratory should have timely provided the results of the

---

[1]Article 4590i of the Texas Revised Civil Statutes, which contained section 13.01 of the former Medical Liability and Insurance Act, was repealed in 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Because this suit was filed before September 1, 2003, the effective date of the repeal, we will apply the former Act in our review of this appeal.

[2]The case against Martha Maria Martinez, M.D. was disposed of in an earlier opinion issued by this court. *Martinez v. Martinez*, No. 13-05-736-CV, 2007 WL 2325929 (Tex. App.–Corpus Christi Aug. 16, 2007, pet. denied) (mem. op.)

2

vaginal culture and the physician should have obtained the results of the vaginal culture when Ms. Campos had symptoms of pre-term labor. This Court previously held that Dr. Coney's report was sufficient with regard to Dr. Martinez. *See Martinez v. Martinez*, No. 13-06-736-CV, 2007 WL 2325929 at *6 (Tex. App.–Corpus Christi August 16, 2007, pet. denied) ("*Martinez I*").

## II. STANDARD OF REVIEW

We review a district court's ruling on a motion to dismiss a health care liability claim for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001); *Pallares v. Magic Valley Elec. Coop.*, 267 S.W.3d 67, 69 (Tex. App.–Corpus Christi 2008, pet. denied). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## III. APPLICABLE LAW

At the period of time relevant to this suit, section 13.01(d) of the Act required a plaintiff in a medical malpractice action, not later than 180 days after suit is filed, to (1) furnish each defendant physician or health care provider an expert report and the expert's curriculum vitae, or (2) voluntarily nonsuit the action against the physician or health care provider. *See* Act of May 18, 1995, 74th Leg., R.S. ch. 140, § 13.01(d), 1995 Tex. Gen. Laws 985, 986 (former TEX. REV. CIV. STAT. ANN. art. 4590i § 13.01(d)), *repealed by* Act of June 2, 2003, 78th Leg., R.S. ch. 204, § 10.09; 2003 Tex. Gen. Laws 847, 884. Section 13.01(r)(6) of the Act defined an expert report as a written report by an expert that provides a fair summary of the expert's opinion as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care

3

provider failed to meet the standard, and the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* In determining the adequacy of the report, the only relevant information is contained within the four corners of the report itself. *Palacios*, 46 S.W.3d at 878. This requirement precludes a court from drawing inferences regarding what the expert intended. *Austin Heart, P.A. v. Webb*, 228 S.W.3d 276, 279 (Tex. App.–Austin 2007, no pet.). Where a defendant is not identified in at least some manner, the report is deficient. *Id.* at 281-82.

### IV. ANALYSIS

### A. The Report

We held in *Martinez I* that the expert report did not mention Dr. Martinez by name, but was nonetheless sufficient regarding the applicable standard of care as to Dr. Martinez because it mentioned the word "physician" and set forth the applicable standard of care. 2007 WL 2325929 at *5. A report must identify the defendant in at least some manner. *Garcia v. Marichalar*, 198 S.W.3d 250, 255 (Tex. App.–San Antonio 2006, no pet.) (determining that reports did not focus on acts committed by defendant, Dr. Garcia, who was not mentioned in the reports); *see Webb*, 228 S.W.3d at 282. Here, the report does not identify the Clinica by name. In addition, unlike in *Martinez I*, the report does not articulate, in any respect, the standard of care for Clinica or any similar health care entity. Additionally, although the petition alleges specific acts of negligence against Clinica, including staffing and communication issues, Dr. Coney's report does not, in any way, suggest a standard that was breached by Clinica. Dr. Coney's report mentions both a laboratory and a physician, but not a clinic. Finally, the report does not set forth in what manner the Clinica proximately caused appellees' injuries or damages.

4

Because the written report did not identify Clinica in some manner, did not set forth a standard of care for Clinica, did not set forth how a standard was breached, and did not articulate how Clinica caused appellees' injuries, we hold that the report does not meet the requirements of the statute. The trial court abused its discretion in denying Clinica's motion to dismiss. *See Jernigan v. Langley*, 195 S.W.3d 91, 94 (Tex. 2006); *Walker*, 827 S.W.3d at 840.

## B. Attorney's Fees

Former article 4590i, section 13.01(e)(1) mandated that, upon a plaintiff's failure to comply with the requirements of section 13.01(d), the trial court shall award the successful defendant reasonable attorney's fees. *See* Act of May 18, 1995, 74th Leg., R.S., ch. 140, § 1 sec. 13.01(e)(1), 1995 Tex. Gen Laws, 984, 985-87 (repealed 2003). We hold that Clinica is entitled to reasonable attorney's fees because the expert report was insufficient.

## V. CONCLUSION

We sustain Clinica Santa Maria's issue and reverse the trial court's order denying the Clinica's motion for sanctions and dismissal. We remand the case for entry of a dismissal order and for a determination of reasonable attorney's fees.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 19th day of March, 2009.

5